IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GRANITE CITY, IL <br> A HOME RULE UNIT <br><br> Plaintiff, <br><br> vs. <br><br> AMERISOURCEBERGEN DRUG <br> CORPORATION, et al., <br><br> Defendants. | Case No. 18-CV-1367-SMY-DGW |

# MEMORANDUM AND ORDER

YANDLE, District Judge:

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

## Background

Plaintiff, the City of Granite City, Illinois ("the City") originally filed this action in the Circuit Court of the Third Judicial Circuit, Madison County against manufacturers[1] and

---

[1] The manufacturing defendants include Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company, Inc.; Abbott Laboratories; Abbott Laboratories, Inc.; Teva Pharmaceutical Industries Ltd. (incorrectly named as "Teva Pharmaceutical Industries, Ltd."); Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc. (incorrectly named as Endo Pharmaceuticals, Inc.); Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Mallinckrodt plc; and Mallinckrodt LLC.

distributors[2] of prescription opioids.  The City alleges that Defendants unlawfully sold or caused to be sold millions of prescription opioids into Granite City, Illinois, causing the foreseeable and widespread diversion of prescription opioids into the illicit market which has created a serious public health and safety crisis in the City (Doc. 1-1, p. 1).  The City further alleges that Defendants' conduct exacted an enormous financial burden on the City.  *Id*. at p. 2.

The Complaint asserts eight causes of action against the defendants: public nuisance (Count I); violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*. (Count II); negligence and negligent misrepresentation (Count III); negligence per se (Count IV); civil conspiracy in violation of 720 ILCS § 5/17-10.5 and the UDTPA (Count V); and fraud and fraudulent misrepresentation (Count VI); insurance fraud in violation of 720 ILCS 5/17-10.5 (Count VII); and unjust enrichment (Count VIII) (*see* Doc. 1-1, ¶¶ 379-515).  On July 9, 2018, McKesson Corporation removed the case to this Court, asserting that removal is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because the City's claims present a substantial federal question under the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801, *et seq*.

## Discussion

In general, an action filed in state court may be removed to federal court only if the action originally could have been brought in federal court.  28 U.S.C. § 1441(a).  Courts are to interpret the removal statute narrowly.  *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 758 (7th Cir. 2009).  A plaintiff's choice of forum is presumed valid, and the court must resolve any doubts about jurisdiction in favor of remand.  *Id.*  The defendant bears the burden of establishing that all of the prerequisites for removal have been satisfied.  *Boyd v. Phoenix Funding Corp.,* 366

---

[2] The distributor defendants include AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; Cardinal Health 112, LLC, Cardinal Health 110, LLC, Cardinal Health 108, LLC, Cardinal Health 105, Inc., Cardinal Health 414, LLC; McKesson Corporation; and H. D. Smith, LLC, f/k/a H. D. Smith Wholesale Drug Company.

F.3d 524, 529 (7th Cir. 2004). In determining whether removal is proper, the court must consider the jurisdictional circumstances at the time that the removal was made. *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992).

Section 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Causes of action under state law may nonetheless "arise under" federal law for purposes of § 1331 even when the Complaint does not explicitly plead a federal cause of action if the four-pronged *Grable* test is met. Specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

The *Grable* exception is significantly limited in scope. *See, Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 701 (2006) (noting that only a "slim category" of cases satisfy the four-prong *Grable* test). "It takes more than a federal element to open the arising under door" and mere allegations of a "federal issue" are not a "password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314. As such, the "mere presence" of a federal issue in a state cause of action and the "mere assertion of a federal interest" are not enough to confer federal jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Chicago Tribune Co. v. Bd. of Tr. of Univ. of Ill.,* 680 F.3d 1001 (7th Cir. 2012).

In this case, no federal causes of action are stated in the Complaint. In fact, it specifically disavows federal subject matter jurisdiction, asserting that no substantial federal question is

presented.  While this disavowal is not determinative, the Complaint alleges violations of duties arising solely under state law and regulations.

In support of removal, McKesson contends that although the City's theories of recovery are pleaded as state law claims, the claims are predicated on alleged breaches of duty derived from the CSA.  However, the CSA does not provide for a private right of action.  *See* 21 U.S.C. § 337(a); *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 349 n. 4 (2001); *Zink v. Lombardi*, 783 F.3d 1089, 1113 (8th Cir. 2015).  Thus, federal question jurisdiction is not presented on the face of the Complaint.

Moreover, the *Grable* exception does not apply; the City's claims do not raise a larger substantial federal interest, nor do they implicate "the action of any federal department, agency, or service."  *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 700 (2006).  While the Complaint references some duties or requirements that may also exist under the CSA, those references alone are insufficient to create federal question jurisdiction.  *See Merrell Dow Pharm.,* 478 U.S. 804; *Lancaster v. Astellas Pharma, Inc.,* 2008 WL 4378441, at *4 (S.D. Ill. 2008) (noting "the mere fact that a state court may have to reference federal regulations in determining the outcome of a claim is not sufficient by itself to create a substantial federal question); *Fuller v. BNSF Ry. Co.,* 472 F.Supp.2d 1088, 1094 (S.D. Ill. 2007) (rejecting federal question jurisdiction where plaintiff's complaint cited "a lone federal regulation as an element of a state-law tort claim").  Simply put, this case as pleaded raises garden-variety state law tort claims.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this matter, and is therefore obligated, pursuant to 28 U.S.C. § 1447(c), to remand the case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.  The Clerk of Court is

**DIRECTED** to close this case, and all pending motions (Docs. 7 and 8) are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED: July 13, 2018**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**